**Ricardo GARCIA–SANTOS,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 00–2129.**

United States Court of Appeals,
Second Circuit.

Argued May 22, 2001.

Decided Dec. 6, 2001.

Jonathan Svetkey, Watters & Svetkey, LLP, New York, NY, for Petitioner–Appellant.

Robin A. Linsenmayer, Assistant United States Attorney, for Mary Jo White, United States Attorney for the Southern District of New York (Baruch Weiss, Assistant United States Attorney, on the brief), New York, NY, for Respondent–Appellee.

Before LEVAL, PARKER, Circuit Judges, and CEDARBAUM, District Judge.*

* The Honorable Miriam Goldman Cedarbaum, United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM.

Ricardo Garcia–Santos appeals from an order of the United States District Court for the Southern District of New York (Scheindlin, J.), dismissing his petition under 28 U.S.C. § 2255 to set aside his conviction for conspiring to distribute heroin, 18 U.S.C. § 371, 28 U.S.C. § 84. The District Court denied his petition on the ground that Garcia–Santos had pleaded guilty under a plea agreement in which he expressly agreed not to appeal or attack his conviction under § 2255 if he was sentenced within or below a stipulated range; the sentence imposed was within that range. Petitioner contends he should not be held to that agreement because it was not knowing and voluntary. We affirm.

The facts are as follows: Garcia–Santos was charged by indictments filed in both the Southern District of New York and the District of Connecticut with drug offenses including conspiracy to distribute heroin. On November 3, 1997, he made a plea agreement with the United States Attorney for the Southern District of New York, in which he agreed to plead guilty to Count 1 of each of the New York and Connecticut indictments, which charged conspiracy to distribute, and the government agreed not to further prosecute him on the other counts.

The plea agreement contained a stipulation that Garcia–Santos's Guidelines range was 78–94 months and an agreement by both sides not to seek a departure or adjustment outside of that range. In addition, it contained the following mutual waiver:

It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the stipulated Guidelines range and (ii) that the Government will not appeal any sentence within or above the stipulated Guidelines range. This provi-

sion is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

On April 14, 1998, a plea allocution took place before Magistrate Judge James C. Francis. The following exchange occurred:

THE COURT: I would note that I have before me a plea agreement dated August 26, 1997, signed by the defendant, defendant's attorney, and the Assistant United States Attorney. Have you read and understood this plea agreement and did you sign it?

THE DEFENDANT: Yes.

THE COURT: Is your plea voluntary and made of your own free will?

THE DEFENDANT: Yes.

The defendant was not asked about and did not specifically address the waiver of appeal and collateral attack. The magistrate judge did ask Garcia–Santos if he understood that "under some circumstances you or the government may have the right to appeal any sentence that is imposed," and Garcia–Santos answered in the affirmative. After the complete allocution, the magistrate judge stated:

I am satisfied that the defendant understands the nature of the charges against him and the consequences of the plea of guilty. I am also satisfied that the plea is voluntary, knowing, and that there is a factual basis for it. I will therefore recommend that Judge Scheindlin accept the defendant's plea of guilty.

On August 18, 1998, Garcia–Santos was sentenced by Judge Scheindlin to 78 months, near the bottom of the stipulated Guidelines range. At the conclusion of the proceeding, the district judge told Garcia–

Santos that he had a right to appeal his sentence.

Garcia–Santos took no appeal. However, approximately a year later, on August 3, 1999, he filed this § 2255 petition, attacking his conviction on numerous grounds. Judge Scheindlin denied his petition on the ground that in his plea agreement Garcia–Santos had expressly waived his right to appeal or petition under § 2255. Garcia–Santos then filed a motion to reconsider, which stated: "Petitioner will demonstrate that his attorney-at-law was ineffective, for he failed to inform him of the adverse consequences he faced if he signed the plea agreement," and "petitioner will demonstrate that he did not knowingly and willingly sign[ ] the plea agreement." On January 28, 2000, the District Court rejected his contentions and denied the motion to reconsider. On August 31, 2000, this Court granted a COA on the following issues:

> (1) whether the District Court ascertained that the defendant understood the provision of the plea agreement waiving the right to appeal and to collaterally attack his conviction, *see United States v. Tang,* 214 F.3d 365, 369 (2d Cir.2000); Fed.R.Crim.P. 11(c)(6); (2) whether the existence of the waiver of appeal provision is cause for not taking a direct appeal; and (3) whether the provision purporting to waive a collateral attack includes grounds that might arise after the entry of the plea.

This appeal follows.

## Discussion

### A. *Garcia–Santos's understanding that he waived his right to appeal or file a § 2255 challenge.*

■ We find no error in the District Court's determination that Garcia–Santos's plea agreement was entered into knowingly and voluntarily, and with awareness of his waiver of appeal and collateral attack.

*See United States v. Stevens,* 66 F.3d 431, 437 (2d Cir.1995). The conclusion was supported by the following facts: (1) petitioner signed the plea agreement, (2) he stated to the magistrate judge that he had read and understood the plea agreement, (3) Garcia–Santos did not attempt to appeal his sentence, even though he had been told by the sentencing judge that he had the right to appeal, (4) he did not claim, in his § 2255 motion, that he had not understood the waiver contained in his plea agreement, and (5) even in his petition for reconsideration, he did not assert explicitly or under oath that at the time of his plea he did not understand that he was giving up his right to appeal and petition under § 2255.

### B. *Waiver of appeal provision as "cause" for not taking a direct appeal*

■ The second certified issue in the COA was "whether the existence of the waiver of appeal provision is cause for not taking a direct appeal." This question was answered in *United States v. Pipitone,* 67 F.3d 34 (2d Cir.1995). In *Pipitone,* the petitioner argued that his failure to appeal should not result in forfeiture of the right to petition under § 2255 because his waiver of direct appeal in the plea agreement should be considered "cause" for the failure. We rejected that contention, holding that a waiver of appeal provision in a plea agreement did not constitute "cause" for failing to take a direct appeal. We adhere to that position.

### C. *Did the waiver of collateral attack apply to grounds that might arise after the entry of the plea?*

■ Some of the grounds asserted by Garcia–Santos in his petition under § 2255 relate to events that occurred after he waived the right to petition under § 2255. For example, his petition asserts that his sentence was illegally disproportionate to those of codefendants and to other similar-

ly situated offenders; his attorney was ineffective at sentencing for his failure to complain of the disparity; and he should have received a lesser sentence for various other reasons, including his post-offense rehabilitation. The COA authorized Garcia–Santos to appeal raising the question whether a waiver of collateral attack effectively waives collateral attack based on grounds that arise after the waiver is entered.

We have long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into. *See, e.g., United States v. Yemitan,* 70 F.3d 746, 747–48 (2d Cir.1995). The reasons for enforcing waivers of direct appeal in such cases lead us to the same conclusion as to waivers of collateral attack under § 2255. First, by the literal language of the agreement the defendant waives the right to petition under § 2255 regardless whether the claim arose before or after the waiver was entered. There is no suggestion in the language of the agreement that the defendant is waiving only claims that have already arisen. Second, we see no reason in policy to read such a limitation into the agreement. There is every reason to believe the parties intended the waiver to apply to claims of error at sentencing as well as to claims relating to pre-pleading events since, for a defendant who pleads guilty, the main contested issues are ordinarily about the sentencing. Such an agreement serves important interests of both parties. Like a waiver of direct appeal rights, it serves the government's interest in avoiding both the expense and uncertainty of further litigation. *See United States v. Rosa,* 123 F.3d 94, 97 (2d Cir.1997). The defendant characteristically receives important benefits as well. For Garcia–Santos, the waiver was part of the bargain by which he received exemption from prosecution for other crimes, the government's stipulation to an acceptable

Guidelines range, and the government's agreement that it would not seek upward departures or adjustments beyond that range. He therefore received significant assurance, although no guarantee, that the sentence would not exceed a predicted maximum severity.

We uphold the effectiveness of Garcia–Santos's waiver of the right to attack his conviction by petition under § 2255, *see United States v. Cockerham,* 237 F.3d 1179 (10th Cir. Jan.18, 2001), *DeRoo v. United States,* 223 F.3d 919 (8th Cir.2000), *Watson v. United States,* 165 F.3d 486 (6th Cir. 1999), *Jones v. United States,* 167 F.3d 1142 (7th Cir.1998), *United States v. Wilkes,* 20 F.3d 651 (5th Cir.1994), *United States v. Abarca,* 985 F.2d 1012 (9th Cir. 1993), and rule that the waiver applies to grounds that arise after, as well as before, he made the waiver.

### *Conclusion*

The judgment of the District Court is therefore AFFIRMED.