Luis **RODRIGUEZ**, Petitioner,

v.

**UNITED STATES of America,** Respondent.

No. 01 CIV 1164 MBM.

United States District Court,
S.D. New York.

Jan. 30, 2002.

Luis Rodriguez, White Deer, PA, Pro se.

James B. Comey, United States Attorney for the Southern District of New York, Daniel M. Gitner, Assistant United States Attorney, New York City, for Respondent.

## OPINION AND ORDER

MUKASEY, District Judge.

Petitioner, Luis Rodriguez, was charged in indictment 99 Cr. 1002 with conspiracy to distribute 50 grams or more of crack cocaine, two counts of distributing that controlled substance, and two counts of possessing it, in violation of 21 U.S.C. §§ 846, 841 and 844. The charges carried a penalty of up to life and a mandatory minimum sentence of 10 years. 21 U.S.C. § 841(b)(1)(A) (1994).

On November 24, 1999, after having been so charged, Rodriguez waived his right to be charged in an indictment and permitted the government to file a superseding information containing two counts of using the telephone to facilitate a drug felony, in violation of 21 U.S.C. § 843(b), each count carrying a maximum penalty of four years' imprisonment. 21 U.S.C. § 843(d) (1994 & Supp. V 1999). He then pleaded guilty pursuant to a letter agreement with the government, which he had signed that very day (11/24/99 Tr. at 10) and which specified an applicable Sentencing Guidelines range of 92–115 months, although it noted that because the maximum penalty for each count was four years, the effective range actually was 92–96 months. (10/16/01 Letter of Daniel M. Gitner, Esq. to the Court, Ex. E at 3) In that same letter, Rodriguez agreed that if sentenced in the range of 92–96 months or

below, he would neither appeal "nor otherwise litigate under Title 28, United States Code, Section 2255." (*Id.* at 5)

At the time of the plea, Rodriguez was found competent (11/24/99 Tr. at 4–5), acknowledged that he understood and gave up his right to have a grand jury vote on whether he should be charged (*id.* at 5), and acknowledged that he understood also the maximum penalty per count and the applicability of the Sentencing Guidelines (*id.* at 8, 9–10), as well as the specific 92–96–month range he had agreed to in this case (*id.* at 11). Rodriguez acknowledged further that he had had enough time to discuss the case and possible defenses with his court-appointed attorney and that he was satisfied with that attorney's representation. (*Id.* at 5) Finally, he acknowledged that he had reviewed the plea agreement with his attorney before signing it, and understood it. He declined an offer to explain the agreement:

Q. [by the Court] Is there anything in this letter that you want me to explain?

A. No. Everything's all right. (*Id.* at 10)

On February 29, 2000, notwithstanding the recommendation in the Presentence Investigation Report that Rodriguez be sentenced at the high end of the range, I sentenced him to the minimum—92 months. (2/29/00 Tr. at 5–6) No appeal was filed on his behalf.

Now, having obtained the benefit of the deal described above, Rodriguez petitions under 28 U.S.C. § 2255 (1994 & Supp. V 1999) to set aside the judgment and the sentence imposed pursuant thereto, arguing that he did not knowingly waive his right to an indictment by a grand jury, that his attorney was ineffective for having failed to prosecute an appeal and for having failed to object to the imposition of

consecutive sentences on the two counts, and that his sentence was illegal.

As noted above, Rodriguez gave up the right to appeal or to file a petition such as this one in return for avoiding at least a 10–year mandatory minimum, even before the filing of a prior felony information, and a maximum of life, in return for a maximum 8–year exposure and a sentence that turned out to be even less than that. Rodriguez is not the first defendant to file a section 2255 petition in violation of a plea agreement after accepting the benefits of the agreement. *See, e.g., Latham v. United States,* 164 F.Supp.2d 365 (S.D.N.Y. 2001). For the reasons set forth in *Latham,* and also because Rodriguez has not shown cause external to himself for failing to prosecute an appeal, let alone resulting prejudice, *see Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Campino v. United States,* 968 F.2d 187, 188–90 (2d Cir.1992), and because he may not use a section 2255 petition as a substitute for appeal, *see United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), the requested relief is denied and the petition is dismissed. I decline to address the merits of the petition, *see Latham,* 164 F.Supp.2d at 367 (declining to address merits of petition filed in violation of plea agreement), except to note that even the brief procedural history set forth above shows that the petition is without merit.

SO ORDERED.