Edwin MUNIZ, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 04 Civ. 10209(SHS).

United States District Court, S.D. New York.

March 14, 2005.

Edwin Muniz, Otisville, NY, Pro se.

## OPINION & ORDER

STEIN, District Judge.

Edwin Muniz brings this petition, *pro se*, pursuant to 28 USC § 2255 to vacate, set aside or correct his sentence. Muniz was

sentenced by this Court on November 21, 2003 following his August 19, 2003 plea of guilty to the crime of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. Petitioner's principal claims allege that: (1) his counsel was ineffective in failing to advise him adequately prior to entering his plea, and by failing to object to the imposition of sentencing enhancements; and (2) his sentence was unconstitutionally imposed pursuant to the now governing decision of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The petition is denied on the grounds that Muniz's counsel was not ineffective, and that petitioner is not entitled to relief pursuant to *Booker*.

Petitioner pled guilty pursuant to a written plea agreement. *See* Plea Allocution Transcript ("Plea Tr."), Exhibit C to the February 4, 2005 letter from AUSA David M. Rody ("Rody Ltr."). In the plea agreement, Muniz stipulated that the weight of drugs that he distributed, and possessed and conspired with intent to distribute, was more than one kilogram and less than three kilograms of heroin, and therefore, that his base offense level pursuant to the U.S. Sentencing Guidelines ("U.S.S.G.") was 32. *See* Plea Agreement ("Plea Agmt."), at 2, Exhibit B to the Rody Ltr. Muniz further stipulated that the Sentencing Guidelines range was increased by two points based on possession of a firearm in connection with the offense, pursuant to U.S.S.G. § 2D1.1(b)(1), and by another two points based on Muniz's role as a manager pursuant to U.S.S.G. § 3B1.1(c). *Id.* Providing for a three-level decrease for acceptance of responsibility, and Muniz's Criminal History category of III, Muniz stipulated to a Sentencing Guidelines range of 168 to 210 months. *Id.* at 2–4. Muniz was sentenced to the bottom of that range. *See* Sentencing Transcript ("Sent.Tr."), at 9, Exhibit D to

the Rody Ltr. Finally, in the signed plea agreement, Muniz agreed that he would "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above (168 to 210 months)." *See* Plea Agmt., at 5, 7. Muniz did not appeal from his conviction or sentence, but has instead brought this petition, alleging, as noted above, that his counsel was ineffective and that the *Booker* decision rendered his sentence improper. The Court now turns to each of those contentions.

## I. Muniz's Counsel Was Not Ineffective

Petitioner asserts that his counsel provided ineffective assistance in connection with his sentencing and his plea on several grounds. Muniz alleges that his former attorney was ineffective at plea in (1) failing to adequately advise him of the rights to which he was entitled prior to entering his plea; (2) failing to advise him of a challenge to the firearm enhancement based on the Application Note to U.S.S.G § 2D1.1(b)(1); (3) failing to advise him of his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (4) failing to advise him that the facts supporting the sentencing enhancements had to be proven to a jury beyond a reasonable doubt. Muniz claims that his counsel was ineffective at sentencing for failing to object to the stipulated enhancements. Finally, Muniz claims that his counsel was ineffective in failing to file an appeal.

### A. Muniz Waived his Right to Appeal or Collaterally Attack his Sentence

■ A defendant's knowing and voluntary waiver of his right to bring a petition pursuant to section 2255 is generally enforceable. *See e.g., Frederick v. War-*

*den, Lewisburg Corr. Facility,* 308 F.3d 192, 195–96 (2d Cir.2002), *cert. denied,* 537 U.S. 1146, 123 S.Ct. 946, 154 L.Ed.2d 847 (2003); *Garcia–Santos v. United States,* 273 F.3d 506, 508–09 (2d Cir.2001) (per curiam); *see also United States v. Monzon,* 359 F.3d 110, 116 (2d Cir.2004) (holding same with respect to waiver of direct appeal rights). An enforceable waiver bars claims based on grounds that arose after, as well as before, the agreement was signed. *See Garcia–Santos,* 273 F.3d at 509. However, a waiver of collateral attack rights in a plea agreement is unenforceable where the petitioner claims ineffective assistance of counsel in connection with the plea agreement itself. *See Frederick,* 308 F.3d at 195; *see also United States v. Hernandez,* 242 F.3d 110, 113–14 (2d Cir. 2001) ("[A] plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel"). Nonetheless, the United States Court of Appeals for the Second Circuit has clarified that a waiver of appeal rights does not become unenforceable automatically when a claim of ineffective assistance of counsel at plea is asserted. *See Monzon,* 359 F.3d at 118. Where the record reveals that the waiver was knowing and voluntary, and that there is no merit to the ineffective assistance claim, the waiver should be enforced. *Id.* at 119.

### 1. Muniz's Waiver Was Knowing and Voluntary

■ Muniz was questioned specifically about the waiver of his appeal rights at both the plea allocution and at sentencing, and he affirmed his understanding of that waiver during the plea allocution and also during sentencing. *See* Plea Tr., at 8; Sent. Tr., at 11. Petitioner was in fact sentenced within the agreed range, to 168 months of imprisonment, Sent. Tr., at 9,

and he did not appeal the sentence. In *Garcia–Santos,* the Second Circuit affirmed the finding that a waiver was knowing and voluntary where, as here, the petitioner had signed a written plea agreement, and had stated during the plea allocution that he had read and understood the plea agreement. *See Garcia–Santos,* 273 F.3d at 508. Further, as in the instant case, the defendant in *Garcia–Santos* had not attempted to appeal the sentence in spite of being told by the sentencing judge that he had a right to appeal. *Id.;* Sent. Tr., at 11. Finally, as in *Garcia–Santos,* the petitioner here has not claimed that he did not understand the waiver contained in the plea agreement. *See Garcia–Santos,* 273 F.3d at 508.

■ Petitioner's claim that his plea was not knowing and voluntary because he had not been advised that the Sixth Amendment required that the stipulated enhancements had to be proven beyond a reasonable doubt is unavailing. A guilty plea is valid and enforceable when it was a knowing and voluntary plea under the law applicable at that time. *See Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *United States v. Parsons,* 396 F.3d 1015, 1017 (8th Cir.2005). In *Parsons,* the defendant had stipulated to facts that enhanced his sentence prior to the Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Booker,* but later attacked his plea claiming that if he had known that certain facts had to be proven beyond a reasonable doubt, he would not have admitted them. *Id.* at 1017. The court rejected the claim, concluding that because the defendant had admitted the challenged facts as part of his plea agreement, there was no violation of the rule in *Booker,* and that "the developments in the law announced by *Blakely*

and *Booker* subsequent to [defendant's] guilty plea," did not invalidate the plea. *Id.* (citing *Brady,* 397 U.S. at 757, 90 S.Ct. 1463); *see also, United States v. Monsalve,* 388 F.3d 71, 73 (2d Cir.2004) (no *Blakely* violation where a defendant had stipulated to drug quantity and type in a pre-*Blakely* plea agreement). *Compare Bousley v. United States,* 523 U.S. 614, 618–19, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). That is equally true here.

### 2. Muniz Cannot Show that his Plea Agreement Was Predicated on Ineffective Assistance of Counsel

Petitioner claims that his counsel's representation at the time of the plea agreement was ineffective in several respects. First, he alleges that his counsel did not discuss the particular stipulations of the plea agreement in any detail, did not advise him of the increased sentencing exposure attributable to the enhancements, and did not advise him of the rights to which he was entitled prior to entering the plea. Second, Muniz alleges that his counsel failed to advise him that the enhancement for possession of a firearm could be challenged based on the Sentencing Guidelines application notes. Third, Muniz claims that counsel was ineffective in failing to advise him that the enhancements had to be proven beyond a reasonable doubt and in failing to advise him of his rights under *Apprendi.*

To prevail on a claim of ineffective assistance of counsel, Muniz must show that his attorney's representation fell below an objective standard of reasonableness, *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that there is a "reasonable probability" that the outcome of the proceeding would have been different but for the counsel's error. *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Id.* When assessing counsel's performance, a court "must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices." *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994) (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052). The reviewing court must afford a " 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *United States v. Jones,* 918 F.2d 9, 12 (2d Cir.1990) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). Even if counsel's performance was objectively unreasonable, the petitioner must still prove prejudice. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

■ Employing the *Strickland* standard, Muniz cannot establish that he entered the plea agreement without constitutionally effective counsel. The record contradicts Muniz's claims that counsel failed to adequately discuss the terms of his plea agreement or to advise him of his rights prior to entering the plea. At the plea proceeding, Muniz confirmed that he had read and understood the indictment, and had sufficient time to talk to his attorney about the charges, *see* Plea Tr., at 3; that he was satisfied with his attorney, *id.;* that he understood all of the rights he was giving up by entering a plea of guilty, *id.,* at 4–6; and had read, understood, and signed the plea agreement. *Id.* at 8. Muniz's sworn statements made in open court carry a strong presumption of truthfulness, *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), and the court is entitled to rely on those statements. *See Hernandez,* 242 F.3d at 112; *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir.1992). In the face of Muniz's unequivocal statements at his plea, his recent contradictory and bald

assertion that his counsel failed to adequately advise him of his rights prior to entering his plea of guilty is insufficient to establish that his attorney provided ineffective representation.

Muniz's claim that his counsel was ineffective in failing to advise him of a potential challenge to the firearm enhancement based on the Sentencing Guidelines misconstrues the Application Note to U.S.S.G § 2D1.1. Muniz claims that the exception carved out in the Application Note for cases where "it is clearly improbable that the weapon was connected with the offense," *see* U.S.S.G. § 2D1.1, Application Note 3, is applicable in this case because there was no evidence that he actually possessed any weapon in connection with the offense.

However, the law is clear that the enhancement does not require proof that the defendant himself personally possessed the weapon or that he had actual knowledge of its presence. *See United States v. Stevens,* 985 F.2d 1175, 1188 (2d Cir.1993); *United States v. Soto,* 959 F.2d 1181, 1186 (2d Cir.1992). The defendant may be held responsible for possession of a firearm by a co-conspirator where "possession of the firearm was reasonably foreseeable to the defendant." *Stevens,* 985 F.2d at 1188. There was sufficient information presented by the government to support the application of the enhancement, including that a dismantled semi-automatic firearm was recovered from the home of Muniz's co-conspirator, and that several cooperating witnesses had stated that Muniz had access to and carried a variety of firearms. Because the record contains adequate factual support for the enhancement, Muniz cannot overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Even if counsel were ineffective in failing to advise Muniz of a potential challenge to the firearms enhancement based on the Application Note, as discussed below, Muniz cannot affirmatively show prejudice resulting from that failure.

The claim that Muniz's counsel was ineffective for failing to advise him that the Sixth Amendment required facts supporting the enhancements to be proven beyond a reasonable doubt or to advise him of his rights under *Apprendi* also fails. The governing law in this Circuit has never required that facts used to enhance a sentence that do not compel a sentence in excess of the otherwise applicable statutory maximum be charged in the indictment or proven beyond a reasonable doubt. *See United States v. Crosby,* 397 F.3d 103, 109 n. 6 (2d Cir.2005) ("[B]ecause judicial fact-finding under advisory guidelines cannot increase that lawful maximum, judicial fact-finding ... encounters no Sixth Amendment difficulties"); *United States v. Mincey,* 380 F.3d 102, 105–106 (2d Cir. 2004) (per curiam) (holding that *Blakely* did not alter the law of this Circuit that the Sixth Amendment does not require facts to be found by a jury that do not result in sentences higher than the statutory maximum), *vacated* and *remanded sub nom. Ferrell v. United States,* —— U.S. ——, 125 S.Ct. 1071, 160 L.Ed.2d 1053 (2005). Moreover, because counsel's performance must be judged as of the time of counsel's conduct, Muniz's attorney cannot be deemed ineffective for failing to anticipate a potential Sixth Amendment challenge as alleged in *Booker. See Mayo,* 13 F.3d at 533.

Even if Muniz could show that his attorney's representation at the plea stage were objectively unreasonable, he cannot prove prejudice as a result of any of the alleged errors. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Muniz has benefited by

pleading guilty and stipulating to his sentencing range. Among other benefits, the plea agreement provided that if he demonstrated acceptance of responsibility for his crime, he warranted a three level reduction in his Sentencing Guidelines offense level, in the view of the government. *See* Plea Agmt., at 2. The plea agreement also afforded Muniz immunity from further prosecution for participation in the charged drug conspiracy and for possessing firearms in furtherance of that conspiracy. *See id.* at 1–2. Muniz cannot show prejudice resulting from counsel's alleged failure to advise him of his rights prior to entering the plea because Muniz was advised of those rights by the court during his plea allocution. *See* Plea Tr., at 5–8. Further, because there was adequate factual support for the firearm enhancement and because an *Apprendi* objection would have been without merit, Muniz has not shown a reasonable probability that but for the alleged failures of his attorney, he would not have entered the plea agreement or plead guilty. *See Hernandez*, 242 F.3d at 112 (citing *Hill v. Lockhart*, 474 U.S. 52, 57–58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

Because petitioner's waiver of his right to collaterally attack his sentence was knowing and voluntary, and because there is no merit to his claim that he received constitutionally ineffective representation in entering his plea agreement, the waiver provision is enforceable. *See Monzon*, 359 F.3d at 119. Thus, petitioner's remaining claims of ineffective assistance of counsel at sentencing and his challenges to his sentence are barred, including those based on grounds that arose after, as well as before, the plea agreement was signed. *See Garcia–Santos*, 273 F.3d at 509.[1]

## B. Muniz Received Effective Assistance of Counsel at Sentencing

■■ Even if the claims of ineffective assistance of counsel at sentencing were not waived, they would fail because Muniz cannot establish that the alleged failures were outside the range of competence demanded of attorneys in criminal cases. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Under the governing law at the time, Muniz's counsel was not ineffective in failing to object to the sentencing enhancements either as contrary to the Sentencing Guidelines Application Note, or as unconstitutional pursuant to *Apprendi*. Counsel's "failure to make a meritless argument does not amount to ineffective assistance." *United States v. Arena*, 180 F.3d 380, 396 (2d Cir.1999). Further, because petitioner has not shown that any of the objections to his sentence would have had merit, he has not shown a "reasonable probability" that the outcome of the proceeding would have

---

1. Muniz argues that his waiver of his right to collaterally attack his sentence, even if valid, does not include a waiver of his right to challenge the factual stipulations in the plea agreement. *See United States v. Granik*, 386 F.3d 404, 411 (2d Cir.2004). Because Muniz's plea agreement does not include an explicit waiver of the right to challenge the factual stipulations of the plea agreement, *cf.* Plea Agmt., at 5–6, to the extent Muniz directly attacks the factual stipulations in the plea agreement, in addition to his claim that his attorney was ineffective in failing to advise him adequately regarding those stipulations, that claim may not be waived. *See Granik*, 386 F.3d at 411, n. 4; *see also, United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir.2001) (waivers must be "applied narrowly and construed strictly against the Government") (citations omitted). Regardless, Muniz's claim that the sentencing court erred in enhancing his sentence based on the facts stipulated in the agreement is without merit. Muniz does not contest the basic facts of the charge that a firearm was found in the apartment of his coconspirator; rather he bases his challenge to that enhancement on a misreading of the applicable Sentencing Guideline. *See supra; Stevens*, 985 F.2d at 1188.

been different but for any alleged failure by his attorney. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

Petitioner's claim that counsel was ineffective in failing to file an appeal is also without merit. If counsel's performance deprives a defendant of an appeal that he otherwise would have taken, he has been denied effective assistance of counsel, and is entitled to an appeal. *See Sarroca v. United States,* 250 F.3d 785, 787 (2d Cir. 2001) (citing *Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). However, where the defendant has not demonstrated an interest in appealing, and there is no reason to believe "that a rational defendant would want to appeal,' " counsel is not unreasonable in failing to file an appeal. *Id.* (quoting *Flores–Ortega,* 528 U.S. at 480, 120 S.Ct. 1029). Where there is no evidence to believe that the defendant wanted to pursue an appeal, the court may consider "the lack of a nonfrivolous ground for appeal," in determining that no reasonable person would have appealed. *Id.* at 789. Muniz does not argue in his petition that he requested that his counsel file an appeal, or made any indication he was interested in appealing. Because an appeal would have been dismissed as barred by the enforceable waiver of appeal rights included in the plea agreement, or for lack of merit, Muniz cannot show prejudice in his attorney's failure to file a notice of appeal. *See id.*

## II. Muniz Cannot Benefit from the Ruling in *Booker* Because it Does Not Apply Retroactively on Collateral Review

Even if the waiver did not bar petitioner's challenges to the constitutionality of his sentence, any challenge prem-ised on *Booker* would fail on its merits, because as with *Apprendi* and other cases applying its principles, *Booker* does not apply retroactively on collateral review. Although the Second Circuit has not yet directly addressed the question of whether *Booker* applies retroactively on collateral review to initial section 2255 petitions,[2] every circuit court that has addressed the question has concluded that *Booker* does not apply retroactively. *See Humphress v. United States,* 398 F.3d 855, 863 (6th Cir. 2005); *Varela v. United States,* 400 F.3d 864, 867–68 (11th Cir.2005); *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir.2005); *see also Coleman v. United States,* 329 F.3d 77 (2d Cir.2003) (holding that *Apprendi* does not apply retroactively).

As the United States Court of Appeals for the Seventh Circuit explained, the Supreme Court's decision in *Schriro v. Summerlin,* —— U.S. ——, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) where it held that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which applied the principles of *Apprendi* to death penalty sentencing, was not retroactive on collateral review, "is all but conclusive" on the question of whether *Booker* applies retroactively. *See McReynolds,* 397 F.3d 479, 480. The rule in *Ring,* as is the rule announced in *Booker,* is one that does not fall within the category of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quoting *Summerlin,* —— U.S. at ——, 124 S.Ct. at 2522). As such, it does not meet the narrow exceptions for retroactivity established in *Teague v. Lane,* 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion). *See Humphress,* 398 F.3d 855, 863; *Varela,* at 867–68; *McReynolds,* at

---

**2.** In *Green v. United States,* 397 F.3d 101, 102 (2d Cir.2005) (per curiam), the court held that *Booker* does not apply retroactively on a second or successive habeas petition.

484–85; *see also Hamdani v. United States*, 2005 WL 419727, at *2 (E.D.N.Y. Feb. 22, 2005). Because *Booker* does not provide any relief, petitioner's challenges to the constitutionality of his sentence are without merit.

## III. There Is No Need for a Factual Hearing

Muniz's request for a factual hearing on his claims for ineffective assistance of counsel is denied. Section 2255 provides that a hearing is unnecessary where "the motion and the files of the records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. The record in this case, including the written plea agreement, the transcripts of the plea allocution and sentencing, and the parties' memoranda establish that Muniz is not entitled to any relief, and thus an evidentiary hearing is not warranted. *See Chang v. United States*, 250 F.3d 79, 85–86 (2d Cir.2001).[3]

## IV. Conclusion

Because Muniz knowingly waived his right to collaterally attack his sentence, because he did not receive ineffective assistance of counsel, and because he is not entitled to any relief pursuant to *Booker*, the petition to vacate, set aside or correct Muniz's sentence is denied.

Further, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 111–113 (2d Cir.2000); *Soto v. United States*, 185 F.3d

**3.** Muniz's renewed motion for appointment of counsel is also denied. There is no constitutional right to representation by counsel in habeas corpus proceedings. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir.1993) (citing *United States ex rel. Wissenfeld v. Wilkins*, 281 F.2d 707, 715 (2d Cir.1960)). In this proceeding,

48, 51–53 (2d Cir.1999). Finally, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

"the interests of justice" do not "require" appointment of counsel, *see* 18 U.S.C. § 3006A(a)(2)(B), because petitioner's claims are without merit. *See United States v. Watts*, No. 3:01CV1013, 2004 WL 1058118, at *1 (D.Conn. May 10, 2004).