Edward A. **DURANTE**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 04 CIV.7857.

United States District Court,
S.D. New York.

April 7, 2006.

Edward A. Durante, FCI–Schuylkill, Minersville, PA, Petitioner pro se.

Michael J. Garcia, Esq., Pablo Quinones, Esq., Assistant U.S. Attorney, New York, United States Attorney for the Southern District of New York.

## OPINION AND ORDER

MUKASEY, District Judge.

Edward A. Durante pleaded guilty on December 7, 2001, to three counts of conspiring to commit securities and wire fraud, in violation of 18 U.S.C. § 371, two counts of money laundering in violation of 18 U.S.C. § 1956(h), and one count of making a false statement to a federal official, in violation of 18 U.S.C. § 1001. That plea was entered pursuant to an agreement whereby Durante was to cooperate with the government in return for a letter to the court that would permit him to be sentenced below the otherwise applicable Sentencing Guidelines range pursuant to U.S.S.G. § 5K1.1.

Thereafter, while purportedly pursuing such cooperation, Durante committed additional securities fraud offenses and thereby forfeited the § 5K1.1 letter. Although in the ordinary course his U.S. Sentencing Guidelines range, as calculated by the Probation Office and set forth in the presentence report, would have been 210–262 months, even giving him the benefit of a downward departure in calculating his criminal history, the government entered into another agreement with Durante, dated July 23, 2003, in which the parties accepted facts surrounding Durante's crimes that placed him in the range of 121–151 months. As part of the bargain, Durante acknowledged that he had no right to a § 5K1.1 letter, and gave up any right to appeal or move for collateral relief if sentenced within the range to which he

had agreed with the government. (7/23/03 Agreement at 2, 5)

On September 26, 2004, Durante was sentenced principally to incarceration for 121 months, the bottom of the sentencing range to which he and the government had agreed. At his sentencing, Durante made no objection to the agreement he had signed other than his lawyer's technical correction that the reference in the presentence report to a plea agreement should have referred instead to a sentencing agreement (9/26/04 Tr. 2), nor did Durante either himself or through counsel deny his guilt or object to the sentence. His full statement to the court, when asked whether he had anything to say before sentence was passed, was as follows:

> Yes, your Honor, I would just like to apologize to the Court for the time and expense that I've caused, and I realize that these resources are in short supply, and I would like to apologize to any of the victims who I have caused economic or emotional loss. And most of all, I would like to apologize to my friends and my family and my loved ones. I know that I have caused them harm and damage that I can only hope and pray they will forgive in the future.

> I have had almost two years at MCC to reflect on what has taken place, and unfortunately, I realize that there is no one else to blame but myself. And I know that I have hade the necessary changes that, if given the opportunity in the future, I will lead a quiet, simple life, and one that is lawful and protective. I hope that I can get any leniency that you see fit today.

(*Id.* at 4)

It appears, however, that with several more months to contemplate his situation, Durante has found others than himself to blame—namely, his lawyers and the court—and thus has exposed the penitent oration quoted above as nothing but a cynical attempt at manipulation. Acting on his newfound insight, Durante has petitioned pursuant to 28 U.S.C. § 2255 to vacate his 120–month sentence, claiming that his lawyer was ineffective in three respects and that the court erred in two respects. He asserts that his lawyer failed to interpose a coercion defense based on alleged threats of physical harm that supposedly induced defendant's crimes, and failed to tell the court that his client's plea had been induced by unlawful threats and promises; failed to adduce evidence and arguments that would have mitigated the breach of his cooperation agreement, including moving for a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1; and failed to appeal Durante's sentence insofar as it was based on enhancements not set forth in the indictment or proved to a jury beyond a reasonable doubt, an apparent invocation of the Supreme Court's decision in *Booker.*

According to Durante, the court erred by applying various adjustments and enhancements pursuant to the U.S. Sentencing Guidelines based on facts not proved to and found by a jury beyond a reasonable doubt, and by placing him in Criminal History Category II, which allegedly overstated his criminal history and should not have been applied without underlying facts being proved to a jury beyond a reasonable doubt. Durante advances these arguments despite his written agreement not to do so, and despite the benefits he reaped in return for that agreement, notably the substantial discount in his Sentencing Guidelines range as compared to what it would otherwise have been.

As set forth briefly below, Durante's claims are both barred by the terms of his plea and devoid of substantive merit. Accordingly, the requested relief is denied,

the petition is dismissed, and a certificate of appealability will not issue.

■ First, as our Circuit has had occasion to rule, a plea agreement whereby a defendant accepts favorable consideration from the government and the court, and in return gives up the right to appeal or to attack his conviction and sentence collaterally, is fully enforceable. *See, e.g., Garcia–Santos v. United States,* 273 F.3d 506, 509 (2d Cir.2001). Indeed, I have enforced such agreements myself. *See, e.g., Rodriguez v. United States,* 185 F.Supp.2d 311 (S.D.N.Y.2002); *Latham v. United States,* 164 F.Supp.2d 365, 367 (S.D.N.Y.2001). Durante has proffered no satisfactory reason not to enforce the agreement in this case, other than self-serving denials of matters that appear of record.

■ Second, to the extent Durante presses fanciful claims that he was coerced into committing his crimes, those claims, as to which Durante would have had the burden of proof at a trial, *see United States v. Braver,* 450 F.2d 799, 804 n. 12 (2d Cir.1971), even if accepted as true, do not come near to establishing the elements of a coercion defense, which requires a showing that the defendant was confronted by actual threat of force at the time he committed the illegal acts in question, had reasonable fear of immediate death or serious bodily harm, and had no reasonable opportunity to escape other than by performing those acts. *See United States v. Smith,* 939 F.2d 9, 10 n. 1 (2d Cir.1991) (listing elements of coercion defense).

Third, his factual claims of coercion in the commission of his crimes and pressure from his lawyers are decisively refuted by his plea allocution, in which he stated his satisfaction with his lawyers' representation (12/7/01 Tr. at 5), by the terms of the July 23, 2003 letter he signed in which he acknowledged breaching his plea agreement and thereby forfeiting any claim of entitlement to a § 5K1.1 letter(7/23/03

Agreement at 1–2), and by the mawkish soliloquy quoted above.

■ Finally, to the extent that Durante's arguments rest on the assumption that *Booker* applies retroactively to convictions that were final on the date it was decided, January 22, 2005, that assumption is wrong. *See Guzman v. United States,* 404 F.3d 139, 144 (2d Cir.2005) (*Booker* does not apply to convictions that were final on the date it was decided).

For all of the above reasons, Durante's application is denied and his petition is dismissed. Because there is no reasonable ground for dispute as to the result reached herein, a certificate of appealability will not issue.

SO ORDERED.