**UNITED STATES of America,**
**Appellee,**

v.

**Kenneth COOPER, Defendant–**
**Appellant.**

No. 05–4638.

United States Court of Appeals,
Second Circuit.

June 14, 2006.

Glen G. McGorty, Assistant United States Attorney (for Michael J. Garcia, United States Attorney for the Southern District of New York; Kevin R. Puvalowski, Assistant United States Attorney, on

the brief), New York, NY, for the Appellee.

B. Alan Seidler, New York, NY, for the Defendant–Appellant.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Kenneth Cooper ("Cooper") appeals from a judgment of conviction entered on August 10, 2005, in the United States District Court for the Southern District of New York (Richard M. Berman, *Judge)*, sentencing Cooper to a term of imprisonment of 120 months following his guilty plea to cocaine possession in violation of 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(A). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

■ Cooper argues on appeal that he had a cooperation agreement with the government, based on oral representations by the government during various proffer sessions, and that the government breached this agreement when it refused to move for a downward departure from the recommended guidelines range pursuant to U.S.S.G. § 5K1.1. Cooper argues that the District Court erred in sentencing him without first holding a hearing to determine whether the government acted in bad faith. However, whatever transpired at the proffer sessions, Cooper eventually signed a plea agreement—knowingly and voluntarily—which (1) made no mention of a § 5K1.1 motion, (2) stated the parties' agreement "that neither a downward nor an upward departure from the Stipulated Guidelines Range [of 120 to 135 months] is warranted," (3) expressly "supersede[d] any prior understandings, promises, or conditions between [the government] and defendant," and (4) expressly precluded any "additional understandings, promises or conditions." In this same agreement, Cooper waived his right to appeal any sentence within the guidelines range of 120 to 135 months. This type of plea agreement forecloses a § 5K1.1 appeal "in the absence of a credible assertion," which Cooper does not make, "that the government refused to make the motion because of an unconstitutional motive." *United States v. Rivera,* 971 F.2d 876, 896 (2d Cir.1992).

■ Cooper argues that, notwithstanding these facts, he is entitled to a § 5K1.1 departure because the government subsequently arrested a Metropolitan Correction Center guard for misconduct that Cooper originally reported to the government. The government represents, however, that it chose not to act on Cooper's information and, only months later, on information from another source, chose to initiate the investigation that led to the guard's arrest. Other than calling this explanation "disingenuous," Cooper does not appear to question its veracity. Moreover, "[w]e have long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into," based on the literal terms of the waiver and the important policy benefits for both sides of making these waivers enforceable. *Garcia–Santos v. United States,* 273 F.3d 506, 509 (2d Cir.2001).

For the foregoing reasons, the appeal is **DISMISSED.**