17-1619
Fan v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand eighteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
         CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
Joanna Fan,
         Petitioner-Appellant,

         -v.-                                    17-1619

United States of America,
         Respondent-Appellee.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Michael K. Bachrach, Law Office
                            of Michael K. Bachrach, New
                            York, New York.

                            Richard H. Rosenberg, Law Office
                            of Richard H. Rosenberg, New
                            York, New York.

FOR APPELLEE:               Erik D. Paulsen, Assistant
                            United States Attorneys (Susan
                            Corkery, Assistant United States

1

Attorneys, <u>on the brief</u>), for
Bridget M. Rohde, Acting United
States Attorney, Brooklyn, New
York.

Appeal from an order of the United States District Court for the Eastern District of New York (Irizarry, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court is **AFFIRMED**.

Joanna Fan appeals the order of the United States District Court for the Eastern District of New York denying her motion to reconsider the denial of bail pending resolution of her motion alleging ineffective assistance of counsel under 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Fan pled guilty to embezzling funds from a federal school lunch program in violation of 18 U.S.C. § 666(a)(1)(A)(i). In her plea agreement, Fan

> agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 78 months or below.

App'x at 76. The waiver is binding and bars appeal from any forfeiture award imposed for any amount at or less than $3 million. <u>Id</u>. at 94-95. Fan confirmed at her plea colloquy that she understood the plea agreement. <u>Id</u>. at 63, 69-70, 73, 76. The Government's Stipulations, which Fan did not oppose, recommended a Guidelines range of 57 to 71 months and a loss amount exceeding $2.5 million. In October 2013, the district court sentenced Fan to 57 months' imprisonment and forfeiture of $3 million.

Fan appealed her conviction and sentence. This Court found the appellate waiver contained in Fan's plea agreement enforceable and dismissed the appeal. <u>United States v. Fan</u>, No. 13-3924, Dkt. No. 160 (2d Cir. Oct. 17,

2014).  In June 2015, Fan filed a habeas petition pursuant to 28 U.S.C. § 2255 alleging ineffective assistance because, among other reasons, her counsel failed to inform the court that Fan was not waiving her right to contest the loss amount.  Fan's request for bail pending the resolution of her habeas petition was denied from the bench.  Before the district court could rule on her § 2255 action, Fan moved for additional discovery to expand the record.  The court granted limited discovery in the form of a subpoena to the Department of Agriculture, but the Government moved to quash to the extent the subpoena implicated certain privileges.  While that motion was pending, Fan made a third request for bail, which was denied.  The district court then denied Fan's subsequent request for reconsideration of the denial of the third bail motion, leading to this appeal.

We review the denial of a motion for reconsideration for abuse of discretion.  Harris v. Kuhlmann, 346 F.3d 330, 357 (2d Cir. 2003).  The standard for reconsideration is "strict," and it should be granted only if the moving party "can point to controlling decisions or data that the court overlooked."  Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Fed. R. Civ. P. 60(b).  Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion.  See Questrom v. Federated Dep't Stores, Inc., 192 F.R.D. 128, 130 (S.D.N.Y. 2000).

Fan identifies no question of overlooked law or fact that could overcome the multiple layers of deference we apply to a district court's denial of a motion for reconsideration of bail in an action alleging ineffective assistance of counsel.  See Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974) (requiring "extraordinary or exceptional circumstances" to justify the grant of bail pending habeas).  The standard is particularly difficult to satisfy because Fan's arguments on the motion for reconsideration relate to the performance of her sentencing counsel and are thus foreclosed by a valid appellate waiver that bars collateral attack via a § 2255 petition.[1]  See

_____

[1] While the Government does not seek to enforce Fan's collateral attack waiver with respect to claims of pre-plea

3

<u>Garcia-Santos v. United States</u>, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam).

Fan also misconstrues the issues on appeal, rendering her remaining arguments inapplicable to this case. Fan's good character, the absence of flight risk, and the risk of irreparable prejudice may bear upon the merits of a bail motion, but not the instant motion for reconsideration. <u>See</u> <u>Malik v. McGinnis</u>, 293 F.3d 559, 561 (2d Cir. 2002) (The appeal of an order denying a motion for reconsideration "brings up for review only the denial of the motion and not the merits of the underlying judgment."). Fan's chief contention is that as a matter of arithmetic, any resentencing would likely result in a release date that has already passed. The district court already considered and rejected this argument both when considering bail and on the motion for reconsideration. The court was not persuaded that extraordinary circumstances warranted bail, and Fan could not show that she would be entitled to a lower sentence even if the Sentencing Guidelines range were lowered.

Nothing presented on this appeal calls these decisions into question because there is no new information going to the merits of Fan's bail motion that was overlooked by the district court. Even adopting the modifications to the loss amount that Fan suggests she could receive in the highly remote event that she prevailed on her underlying post-plea ineffective assistance of counsel claim, the district court could ultimately resentence her for the same duration. The district court did not abuse its discretion in denying reconsideration.

---

ineffectiveness, Fan's arguments on her motion for reconsideration address only her claims post-plea ineffectiveness, i.e., the performance of sentencing counsel. Her chances of succeeding on such ineffectiveness claims appear low, which also justifies the denial of the motion for reconsideration. <u>See</u> <u>Mapp v. Reno</u>, 241 F.3d 221, 226 n.5 (2d Cir. 2001) ("Bail is appropriate pending a decision in a habeas case only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success ...") (internal quotation marks and citation omitted).

4

For the foregoing reasons, and finding no merit in Fan's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK