UNITED STATES of America, Appellee,

v.

Fatima GARCIA, a/k/a Fatima Garcia–Nuine, Defendant–Appellant.

Docket No. 97–1554.

United States Court of Appeals, Second Circuit.

Submitted Feb. 2, 1999.

Decided Feb. 2, 1999.

520

Richard Jasper, New York, NY, for Defendant–Appellant.

Jennifer L. Borum, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney, and Dietrich L. Snell, Assistant United States Attorney, of counsel), for Appellee.

Before: CABRANES and STRAUB, Circuit Judges, and McCURN, District Judge.*

PER CURIAM:

Fatima Garcia appeals from the sentence imposed by the United States District Court for the Southern District of New York (Michael B. Mukasey, *Judge*) after Garcia pled guilty to illegal re-entry following deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. The District Court denied Garcia's motion for a downward departure based on physical condition (U.S.S.G. § 5H1.4) and imposed a sentence at the bottom of the applicable Guidelines range. Garcia contends on appeal that the District Court did not have competent evidence to support a factual finding upon which the denial of departure was partially based. We conclude that Garcia's claim of a due process violation is meritless, and an illegitimate attempt to circumvent her plea agreement waiver of appeal, as well as the general non-appealability of a district court's refusal to depart from the applicable Guidelines sentencing range. Accordingly, we dismiss the appeal.

**I.**

On May 22, 1996, Garcia entered into a written plea agreement with the United States pursuant to which she agreed to plead guilty to a one-count indictment charging illegal re-entry following deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. The parties stipulated to a United States Sentencing Guidelines range of 41 to 51 months imprisonment, which corresponds to Offense

* The Honorable Neal P. McCurn, of the United States District Court for the Northern District of New York, sitting by designation.

Level 20 and Criminal History Category III. The plea agreement explicitly permitted Garcia to move for a downward departure based upon her physical condition, pursuant to U.S.S.G. § 5H1.4.[1] However, the agreement further provided that "the defendant will not appeal any sentence within or below the stipulated Sentencing Guidelines range, whether or not the Court denies a motion for downward departure on the basis of the defendant's physical condition." Garcia pled guilty before Judge Allen G. Schwartz, who accepted the plea after finding, based upon an extensive Rule 11 colloquy, that it was knowing and voluntary. Garcia does not challenge this finding.

Garcia moved for a § 5H1.4 downward departure, which the Government opposed. Judge Mukasey, the sentencing judge, denied the departure based in part upon a factual finding that the Bureau of Prisons ("BOP") was capable of treating Garcia's various medical conditions. Garcia was sentenced to a 41–month term of imprisonment, which was at the low end of the applicable Guidelines sentencing range.

In this appeal, Garcia challenges Judge Mukasey's factual finding concerning BOP's treatment capacities. At the very least, the finding was supported by direct evidence of (1) Garcia's various medical conditions, and (2) the types of medical conditions—and combinations thereof—that BOP generally is equipped to treat. Nevertheless, Garcia argues that her due process rights were violated because Judge Mukasey allegedly reached his decision without evidence of an individualized factual determination by a medical expert, based upon a review of Garcia's records, that BOP could adequately treat Garcia.

## II.

■ A defendant's waiver of the right to appeal a sentence within an agreed upon Guidelines range generally is enforceable.

*See, e.g., United States v. Djelevic,* 161 F.3d 104, 106–07 (2d Cir.1998) (per curiam). Such waivers may be avoided if they are not knowing and voluntary, or if the Government breaches the plea agreement. *See, e.g., United States v. Rosa,* 123 F.3d 94, 98 (2d Cir.1997). In addition, "[p]lea agreements are subject to the public policy constraints that bear upon the enforcement of other kinds of contracts." *United States v. Yemitan,* 70 F.3d 746, 748 (2d Cir.1995); *see also United States v. Jacobson,* 15 F.3d 19, 23 (2d Cir.1994) ("[A] waiver of the right not to be sentenced on the basis of a constitutionally impermissible factor may be invalid."). Similarly, we have stated that "[a]t some point, ... an arbitrary practice of sentencing without proffered reasons would amount to an abdication of judicial responsibility subject to mandamus...." *Yemitan,* 70 F.3d at 748.

■ Even where there has been no waiver, a district court's decision not to depart from the applicable Guidelines range normally is not appealable. *See, e.g., United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir.1997) (per curiam). The only exceptions are where a violation of law occurred, the Guidelines were misapplied, or the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to do so. *See id.*

■ Garcia attempts to overcome these hurdles not by claiming that her plea agreement waiver was unknowing or involuntary, but instead through an undeveloped invocation of "due process." The essence of her argument is simply that the District Court erred by concluding, from evidence of BOP's capabilities and Garcia's conditions, that BOP could adequately treat Garcia. Even if the District Court's findings lacked sufficient evidentiary support, however, that error would not form the basis for a due process claim.

We recently addressed a similar situation in *Djelevic,* where the defendant attempted to overcome a plea agreement waiver by

---

1. U.S.S.G. § 5H1.4 provides in relevant part:
    Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a
    reason to impose a sentence below the applicable guideline range; *e.g.,* in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

couching his appeal in constitutional terms—that is, by arguing that he lacked effective assistance of counsel at sentencing because his attorney failed to raise certain arguments with respect to offense-level enhancements and reductions. 161 F.3d at 107. In that case, we "emphatically reject[ed]" the defendant's contention:

> [D]espite his effort to dress up his claim as a violation of the Sixth Amendment, [defendant] in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government. . . . If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless.

*Id.*

The reasoning of *Djelevic* applies equally to the due process claim in this case. Because Garcia's appeal also is a poorly disguised attack on the merits of her sentence, we enforce the plea agreement waiver and dismiss the appeal.