Dan LATHAM a/k/a O. Two-
feathers, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 00 Civ. 6940(MBM).

United States District Court,
S.D. New York.

Aug. 24, 2001.

Dan Latham, Sheridan, OR, pro se.

Mary Jo White, U.S. Atty., Daniel M. Gitner, Assist. U.S. Atty., New York City, for U.S.

OPINION AND ORDER

MUKASEY, District Judge.

Dan Latham has petitioned pursuant to 28 U.S.C. § 2255 (1994) to vacate the sentence imposed following his guilty plea to two counts of attempting to sell false instruments, and one count of conspiracy, in indictment 98 Cr. 609, in connection with a scheme to sell false certificates of deposit—supposedly issued by an entity called the Panacea Bank, located on the Pacific island of Nauru—backed by equally false gold deposit certificates. Latham pleaded guilty on September 8, 1999, and was sentenced on December 8, 1999, principally to 41 months' imprisonment. Latham had been convicted as well in the Eastern District of New York of fraud in connection with an advanced fee scheme unrelated to the facts underlying his conviction before this court. Of the period of imprisonment imposed in this case, 21 months was consecutive to the Eastern District sentence, and 20 months concurrent.

Latham petitions pursuant to 28 U.S.C. § 2255 to set aside the judgment of conviction and his sentence, arguing (i) that his attorney failed to provide effective assistance; (ii) that his conviction and sentence violate double jeopardy principles, in part because I—unlike the judge who sentenced him in the Eastern District case—declined to depart downward under the Sentencing Guidelines, notwithstanding his physical disability; and (iii) that because of that disability, his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.

For the reasons set forth below, the requested relief is denied and the petition is dismissed.

The day before his plea in this case, Latham signed an agreement, which bore a typed date of August 26, 1999, in which he and the government agreed that the applicable Sentencing Guidelines range was between 41 and 51 months—referred to therein as the "Stipulated Sentencing Range"—and in which Latham agreed that he would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the Stipulated Sentencing Range (regardless of whether it is imposed to run concurrently or consecutively to his Eastern District of New York conviction) [.]" (Letter from Daniel M. Gitner to the Court of 2/2/01 [hereinafter "Gov't. Letter"] Ex. B, at 3, 5)

Latham's plea allocution included his explicit agreement that he was satisfied with the representation afforded by the attorney whose assistance he now denigrates as ineffective (Gov't. Letter Ex. D, at 5), and his explicit understanding both that he had agreed in binding fashion to a sentence of 41 to 51 months and that that sentence could be consecutive to his Eastern District sentence (*id.* at 10, 12).

Notwithstanding the quoted provisions of Latham's plea agreement with the government as well as his statements during his plea allocution, and that his sentence fell within the agreed-upon range, Latham appealed, arguing that this court's decision not to depart downward from the agreed upon sentencing range constituted error, and that he was denied effective assistance of counsel. The Court of Appeals affirmed his conviction by summary order, pointing out that it had "noted countless times that a defendant's waiver of the right to appeal a sentence with an agreed-upon Guidelines range generally is enforceable. See, *e.g.,* *United States v. Garcia,* 166 F.3d 519, 521

(2d Cir.1999) (*per curiam* ); *United States v. Djelevic,* 161 F.3d 104, 106–07 (2d Cir. 1998) (*per curiam* )." *United States v. Latham,* 213 F.3d 627 (Table, Text in WESTLAW), Unpublished Disposition, 2000 WL 562429 (2d Cir. May 9, 2000) at *1.

The Court of Appeals found as well that Latham had satisfied none of the requirements for voiding his plea agreement, including the alleged inadequacy of his attorney. *Id.* at **1–2. In connection with that allegation, the Court quoted the following language from *Garcia,* in turn quoting *Djelevic,* which the Court found could apply with equal force to Latham's case:

[D]espite his effort to dress up his claim as a violation of the Sixth Amendment, defendant in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government.... If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless.

*Garcia,* 166 F.3d at 522 (quoting *Djelevic,* 161 F.3d at 107).

Latham violated the plea agreement when he took the appeal; he has compounded that violation with this petition. As is often the case when § 2255 petitions are brought in violation of plea agreements, the government, following the sensible dictates of caution, has been put to the burden of a belt-and-suspenders response. Thus, the government has had not only to show that Latham violated the plea agreement with this petition, but also to explain why the underlying arguments in that petition are without merit. That, in turn, has necessitated a detailed description of the procedural history both of this case and of the Eastern District prosecu-

tion, and an analysis of the principles of double jeopardy and the rules governing effective assistance of counsel and departures under the Sentencing Guidelines. This description and analysis is contained in a letter of 29 single-spaced pages—the equivalent of a 50–page brief.

When the government negotiates a plea agreement with a defendant that includes waiver of the right to appeal, one benefit the government is supposed to receive, in return for whatever benefits may be conferred on the defendant by such an agreement, is freedom from having to address post-conviction arguments. Yet in this case, as in many others, that benefit has been denied—at least to the government— by the filing of this petition. As a third-party beneficiary of that agreement, I decline to undertake a detailed exegesis of why Latham's underlying arguments are without merit, and by so doing to sacrifice whatever benefit may remain for this court in Latham's agreement with the government.

This petition violates a valid and enforceable plea agreement, and accordingly is dismissed.