UNITED STATES of America,
Appellee,

v.

Freddy GABIN, aka "Tiburon", Dagoberto Acevedo, aka "Pasha", Julian Polanco, aka "Julito", Pablo Nunez Tavarez, aka "Pablo Nunez", "Eddie

Torres", "Uncle Eddie", "Juan Delosantos", aka "Eddie Torre", Gervin Santos, aka "Shorty", aka "Jose", Reinaldo Argudin, aka "Cuba", Defendants,

Jose GABIN, aka "Tito", Defendant–Appellant.

No. 00–1814.

United States Court of Appeals, Second Circuit.

Dec. 17, 2001.

B. Alan Seidler, Nyack, NY, for appellant.

Roberto Finzi, Assistant United States Attorney for the Southern District of New York, New York, NY; Mary Jo White, United States Attorney, and Jamie L. Kogan, Assistant United States Attorney, on the brief, for appellee.

Present JACOBS, SACK, and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court be AFFIRMED.

Defendant-appellant Jose Gabin appeals from a judgment of conviction entered on December 7, 2000, in the United States District Court for the Southern District of New York (Rakoff, *J.*), following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), and 841(b)(1)(B). Gabin was sentenced to 87 months of imprisonment, to be followed by four years of supervised release, and the mandatory $100 special assessment.

I. Background

Gabin pleaded guilty pursuant to a written plea agreement, dated June 11, 2000, which provided that neither party would seek a departure from or any adjustment to a Stipulated Guidelines Range of 87 to 108 months. Most significantly, the plea agreement provided:

> (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the Stipulated Guidelines Range of 87 to 108 months set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range of 87 to 108 months.

Gabin now argues that, because he received ineffective assistance of counsel, his

**60**

judgment of conviction should be reversed and he should be re-sentenced.

## II. Discussion

It is now well-settled that a knowing and voluntary waiver of the right to appeal a sentence within a given guideline range is generally enforceable. *See United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir. 2001); *United States v. Garcia,* 166 F.3d 519, 521 (2d Cir.1999); *see also United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir.1993) ("In no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.").

Gabin does not deny that his waiver was knowing and voluntary; he does not argue that he received ineffective assistance of counsel in entering into the plea agreement. Nor does he seek to withdraw his plea. His sole challenge on appeal is to the sentence. Thus, "despite his effort to dress up his claim as a violation of the Sixth Amendment, [Gabin] in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government." *United States v. Djelevic,* 161 F.3d 104, 107 (2d Cir.1998). As we held in *Djelevic,* "[i]f we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless." *Id.*

For the reasons set forth above, we conclude that the defendant has waived his right to raise his ineffective assistance claim with regard to his sentencing on appeal. The judgment of the district court is therefore hereby AFFIRMED.