**UNITED STATES of America,
Appellee,**

v.

**Mohnish MOHAN, Defendant–
Appellant,**

**Paul Montie, Giro Katsimbrakis, also
known as Simon Katz, Gary J. Confre-
do, and Joann Mercieca, Defendants.**

**Docket No. 02–1401.**

United States Court of Appeals,
Second Circuit.

March 20, 2003.

Louis M. Freeman, Freeman, Nooter &
Ginsberg, New York, New York, for Ap-
pellant.

Robin W. Morey, Assistant United
States Attorney, United States Attorney's
Office for the Southern District of New
York, (James B. Comey, United States
Attorney, John M. McEnany, Assistant
United States Attorney, on the brief), New
York, New York, for Appellee.

Present: JACOBS, POOLER, Circuit
Judges, and HALL,* District Judge.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of the
district court be **AFFIRMED.**

Mohnish Mohan appeals from a sentence
entered after remand in the United States
District Court for the Southern District of
New York (Sand, *J.*), following his guilty
plea to bank fraud and related charges.

---

* The Honorable Janet C. Hall, of the United
States District Court for the District of Con-

necticut, sitting by designation.

The original presentence report ("PSR") calculated a sentencing range of 108–135 months, but recommended 60 months, in part because of Mohan's cooperation with the Government. The recommended reduction represents a six or seven-level downward departure from the offense level of 31.

At sentencing, Mohan moved for an additional three-level downward departure, on the ground that the intended loss amount set forth in the PSR ($150 million) overstated Mohan's culpability. After hearing argument on this issue from Mohan's counsel, Judge Sand sentenced Mohan to 60 months' imprisonment, stating:

> When I first read the presentence report and recommendation, my first reaction was that it was an extremely generous recommendation to have so large a departure under all of the circumstances.

> I have come now, particularly after hearing your counsel, to think that it is not an overly generous recommendation, but to think that it is an entirely appropriate recommendation.

Judge Sand thus did not specify whether the departure was based solely on cooperation (as specified in the PSR), or overrepresentation of the loss as well.

Mohan appealed from his sentence, but prior to argument, this Court "so ordered" the parties' stipulation to withdraw that appeal and remand the case to the district court: "The case is remanded to the district court for clarification of the sentence and further resolution of the issues not yet addressed by that court."

Mohan argued at resentencing that the district court never decided his entitlement to the three-level departure for overrepresentation of the loss; in Mohan's view, the previously-imposed 60 month sentence reflected solely a departure for cooperation.

Judge Sand acknowledged that the departure for overrepresentation of loss "did not receive any extensive discussion or consideration by the court" at the initial sentencing proceeding, but added:

> I did not have these two departures unrelated to each other, but I looked at the totality of the circumstances, and I thought that there was some consideration that should be given to the unopposed application for a downward departure with respect to the computation of the intended loss and some consideration given to cooperation.

The district court then recalculated the sentence, awarding a three-level departure for overrepresentation of the loss, and a four-level departure for cooperation. The resulting offense level of 24 was the lowest offense level that would have supported the previously imposed 60 month term of imprisonment. Upon Mohan's remonstrations, the district court departed downward one additional level due to the "period of uncertainty generated by all that has transpired." Mohan was then sentenced to a term of imprisonment of 55 months, five months less than the initial sentence.

On the present appeal, Mohan contends that the district court exceeded the scope of this Court's mandate, and should have added the departure for overrepresentation of the loss to the departure granted at his initial sentencing.

The Government argues that this Court lacks appellate jurisdiction because Mohan's challenge is to the district court's failure to depart downward at sentencing. A district court's refusal to depart downward is appealable only where "a violation of law occurred, the Guidelines were misapplied, or the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to do so." *United States v. Garcia,* 166 F.3d 519, 521 (2d Cir.1999) (per curiam). Mohan's con-

**374**

tention (that the district court exceeded the scope of this Court's mandate on remand) is an allegation of a "violation of law" sufficient to invoke this Court's jurisdiction.

As to the merits, the stipulation withdrawing Mohan's appeal provided that the case was "remanded to the district court for clarification of the sentence and further resolution of the issues not yet addressed by that court."

Mohan's argument is premised on the idea that the departure Judge Sand awarded at the first sentencing was based solely on Mohan's cooperation. On remand, however, the district court clarified that the departure at the original sentencing was intended to reflect *both* Mohan's cooperation and the overrepresentation of the loss. Thus, Judge Sand clarified how much each departure was reflected in the overall departure. The district court's addition of a one-level departure due to the "period of uncertainty generated by all that has transpired," falls within the mandate's provision permitting the resolution of issues not previously addressed. We conclude that the proceedings on remand were within the scope of the mandate.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**