**UNITED STATES of America,**
Appellee,

v.

**Yvonne Maritza REBOLLEDO, also known as Ivonne Rebolledo, Defendant,**

**Jose Vander–Linder, also known as Jose Vander–Linde, Defendant–Appellant.**

**No. 02–1477.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2003.

---

B. Alan Seidler, Nyack, NY, for Defendant–Appellant.

Bret R. Williams, Assistant United States Attorney (James B. Comey, U.S. Attorney, on the brief; Gary Stein, Assistant United States Attorney, of counsel), Southern District of New York, New York, NY, for Appellee.

PRESENT: MINER, STRAUB, and WESLEY, Circuit Judges.

*SUMMARY ORDER*

Jose Vander–Linder ("Vander–Linder") appeals from a judgment entered July 29, 2002, by the United States District Court for the Southern District of New York (John G. Koeltl, *Judge* ), sentencing Vander–Linder to 188 months' imprisonment, following his guilty plea. On December 18, 2000, Vander–Linder pleaded guilty to distributing and possessing with intent to distribute 500 grams or more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

In his signed plea agreement, Vander–Linder agreed that "neither a downward nor an upward departure from the Stipulated Sentencing Range is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein . . . or suggest that the Court *sua sponte* consider such a departure or adjustment." At the guilty plea proceeding, Vander–Linder acknowledged that he was giving up his right to appeal the anticipated sentence.

On August 20 and September 10, 2001, Vander–Linder requested a hearing regarding the government's refusal to move for a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines. Vander–Linder sought a downward departure from an anticipated 188–month prison sentence based on the "substantial assistance" Vander–Linder alleged he provided the Government after his guilty plea.

On May 24 and June 10, 2002, the District Court held hearings on Vander–Linder's Section 5K1.1 motion. On July 25, 2002, the District Court rejected Vander–Linder's motion–making detailed findings–and sentenced Vander–Linder to 188 months' imprisonment. The District Court found that "there [was] no basis to conclude that the government should be required to give a 5K1.1 letter to the defendant or that the Court should depart on

the basis of the defendant's substantial cooperation with the government."

Vander–Linder now appeals the District Court's refusal to compel the government to file a Section 5K1.1 motion that would have enabled the Court to downwardly depart. The government maintains that the right to appeal the sentence has been waived. We agree.

Waivers of appeal cannot be ignored by reviewing courts. "In no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido–Contreras*, 990 F.2d 51, 53 (2d Cir.1993) (per curiam).

"A defendant's waiver of the right to appeal a sentence within an agreed upon Guidelines range generally is enforceable." *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir.1999) (per curiam). The criteria for enforcing such a waiver are clear. "[A] waiver of the right to appeal should only be enforced by an appellate court if the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." *United States v. Ready*, 82 F.3d 551, 557 (2d Cir.1996) (internal quotations omitted).

Under those criteria, Vander–Linder has waived his right to appeal. In his written plea agreement, Vander–Linder agreed not to "seek such a departure or seek any adjustment" to his sentence. He violated that agreement and sought a departure under Section 5K1.1 based on his "alleged substantial cooperation with the government after the entry of his plea of guilty in this case." After two days of hearings, the District Court rejected Vander–Linder's motion and sentenced him. At the conclusion of the sentencing, the following exchange took place between the District Court, Vander–Linder's counsel, and the Assistant United States Attorney.

District Court: There's a waiver of right to appeal?

Defense Counsel: There is a waiver of right to appeal contained in the plea agreement, yes, Sir.

District Court: Does either party know of any legal reason why the waiver is not valid in this case?

AUSA: No, your Honor.

Defense Counsel: No, Sir.

Vander–Linder nevertheless appeals from his sentence. He makes no allegations that his waiver was not knowing or voluntary; he simply appeals the refusal of the District Court to compel the government to file a Section 5K1.1 motion. As the written plea agreement and colloquy at sentencing make clear, this appeal is barred.

For the reasons set forth above, Vander–Linder's appeal is DISMISSED.