UNITED STATES of America,
Appellee,

v.

Ernesto MARTINEZ, also known as "Ene"; Damon Rodriguez, also known as "Gem", also known as "Justin"; Haydee Huertas; LNU1–98CR0438–006, also known as "Rafaelito"; Freddy Santiago; Jose Colon, also known as "Mike"; Odiot Demetrius, also known as "Boogie"; Manuel Gonzalez, also known as "Manny"; Julio Castillo, also known as "Tito"; LNU2–98CR0438–014, also known as John Doe # 2, Luis Ramirez, Juan Ramirez, also known as "Tony TKO", also known as "Scarface"; Shirley Calcano, Defendants,

Albert COLON, Defendant–Appellant.

No. 01–1573.

United States Court of Appeals,
Second Circuit.

Sept. 4, 2003.

Robert J. Krakow, New York, NY, for Defendant–Appellant.

Daniel M. Gitner, Assistant United States Attorney (James Comey, United States Attorney, on the brief; Gary Stein,

Assistant United States Attorney; Joshua G. Berman, Special Assistant United States Attorney, of counsel) Southern District of New York, New York, NY, for Appellee.

PRESENT: MESKILL, MINER, and STRAUB, Circuit Judges.

### SUMMARY ORDER

Albert Colon ("Colon") appeals from a October 24, 2001, judgment of conviction by the United States District Court for the Southern District of New York (Robert L. Carter, *Judge* ), following his guilty plea. On June 20, 2000, Colon pleaded guilty to one count of participating in a racketeering enterprise, in violation of 18 U.S.C. § 1962(c). In his signed plea agreement, Colon agreed that "the Defendant's stipulated Guidelines sentence is 20 years' imprisonment," and that he would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence at or below the stipulated Guidelines sentence set forth above." Moreover, Colon agreed that the plea agreement represented the entirety of his agreement with the Government. "No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement. . . ." Colon signed the plea agreement on June 12, 2000.

On June 8, 2001, pursuant to Sections 5K1.1 and 5K2.0 of the Sentencing Guidelines, Colon sought a downward departure from an anticipated 240 month prison sentence based on the "substantial assistance" Colon alleged he provided the Government prior to the signing of the plea agreement. On August 2, 2001, the District Court denied Colon's motion for a downward departure, calling it a "blatant infringement of the plea agreement" and finding that Colon had failed to make a prima facie showing of unconstitutional motive on the part of the government that would warrant a hearing. On October 23, 2001, and consistent with the written plea agreement, Colon was sentenced to a term of 240 months' imprisonment.

On appeal, Colon argues that his sentence must be vacated and remanded to the District Court for re-sentencing because the District Court erred when it failed to recognize its own authority to depart downward. The Government asserts that Colon's appeal is barred by his plea agreement. We dismiss the appeal.

"A defendant's waiver of the right to appeal a sentence within an agreed upon Guidelines range generally is enforceable." *United States v. Garcia,* 166 F.3d 519, 521 (2d Cir.1999) (per curiam). This Court has held that "a waiver of the right to appeal should only be enforced by an appellate court if the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequence of his waiver) and voluntary." *United States v. Ready,* 82 F.3d 551, 557 (2d Cir.1996) (internal quotations omitted).

Colon seeks to appeal his sentence by the District Court, but such an appeal is explicitly barred by his plea agreement. The agreement states: "It is further agreed (i) that the Defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence at or below the stipulated Guidelines sentence set forth above. . . ." *Id.* Colon's understanding that the plea agreement contained a waiver of the right to appeal the sentence was also evident from the plea colloquy.

THE COURT: . . . did both you and your attorney sign this letter agreement earlier today?

THE DEFENDANT: Yes, your Honor.

THE COURT: Before you did that, did you discuss the terms of this letter agreement with [your attorney]?

THE DEFENDANT: Yes.

. . .

THE COURT: Do you also understand that, pursuant to this letter, you have limited in certain ways your right to appeal from any sentence that is imposed?

THE DEFENDANT: Yes.

The record demonstrates that Colon's waiver was knowing and voluntary, and Colon has pointed to no evidence to the contrary. Indeed, Colon nowhere alleges that his waiver of the right to appeal was not knowing or voluntary.

For the reasons set forth above, Colon's appeal is DISMISSED.