UNITED STATES of America,
Appellee,

v.

Anthony F. LEONARDO, Defendant–
Appellant.

Albert M. Ranieri, Darryl T.
Graham, Defendants.

Nos. 05–1791–cr, 05–1793–cr, 05–1796–cr.

United States Court of Appeals,
Second Circuit.

Jan. 14, 2008.

John R. Parrinello (Bruce F. Freeman, on the brief), Redmond & Parrinello, LLP, Rochester, N.Y., for Appellant.

Joseph J. Karaszewski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y., for Appellee.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Anthony F. Leonardo, who pleaded guilty to two counts of conspiracy to distribute cocaine and one count of money laundering, appeals from that part of his judgment of conviction that sentences him to 192 months' imprisonment. Leonardo argues that the district court erred in permitting the government to withdraw its motion for a downward departure pursuant to § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e) (" § 5K1.1 motion") in response to his own breach of paragraph thirteen of his plea agreement. We assume the parties' familiarity with the facts and the record of prior

proceedings, which we reference only as necessary to explain our decision.

We interpret plea agreements *de novo*, according to ordinary principles of contract law. *See United States v. Padilla*, 186 F.3d 136, 139 (2d Cir.1999). Any ambiguity in the agreement is construed strictly against the government, as it is "usually the party that drafts the agreement" and may have "advantages in bargaining power." *United States v. Ready*, 82 F.3d 551, 559 (2d Cir.1996).

As an initial matter, the government contends that this appeal is precluded by Leonardo's waiver of his right to appeal pursuant to the plea agreement. Because we conclude that the government's withdrawal of its § 5K1.1 motion was permissible only if it sought to void the plea agreement, it is by no means clear that Leonardo's waiver of appeal rights is still binding. *See, e.g., United States v. Garcia*, 166 F.3d 519, 521 (2d Cir.1999) (noting appellate waiver may be avoided if government breaches plea agreement).

The district court here found that Leonardo had breached paragraph thirteen of his plea agreement by moving for downward departures in his sentence not permitted by the agreement. In response to this breach, the government sought to withdraw its previously-filed § 5K1.1 departure motion, and the court approved the motion's withdrawal. The remedy of withdrawal is explicitly contemplated only in paragraph thirty of the agreement, which reads in relevant part, "Should the government seek to void this agreement, whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court. . . . If the agreement is declared breached . . . . the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1." While we reject Leonardo's argument that this language does not extend to paragraph thirteen breaches, we construe the plain language to apply only when the government seeks "to void" the plea agreement.

Here, the government did not seek to void the agreement when it moved to withdraw its § 5K1.1 motion. To the contrary, it strenuously opposed defendant's own motion to withdraw from the plea agreement. Because the agreement does not contemplate the availability of withdrawal of a § 5K1.1 motion as a remedy for breach except in the event that the government seeks to void the agreement, and because that is not this case, we cannot conclude that the government's withdrawal of its § 5K1.1 motion comported with the agreement or that Leonardo is precluded from challenging his sentence on appeal. *See United States v. Padilla*, 186 F.3d at 141 (finding withdrawal of § 5K1.1 motion impermissible where not specifically enumerated in plea agreement as a remedy for breach).

We are not, however, inclined ourselves to declare the plea agreement void or to identify any error—harmful or harmless—in the district court's failure to do so in the absence of an express government motion. Rather, we vacate the sentence and remand the case to the district court so that the government can indicate whether it does, in fact, seek to void the plea agreement and withdraw its § 5K1.1 motion or whether it seeks to hold Leonardo to the plea agreement, allowing the district court to give the § 5K1.1 motion such weight as it deserves in light of the totality of the circumstances, *see* 18 U.S.C. § 3661, and the agreement reached by the parties pursuant to Fed.R.Crim.P. 11(e)(1)(C), *see* Plea Agreement at ¶ 16 (allowing defendant to withdraw guilty plea if sentence imposed exceeds twelve years' imprison-

ment).[1]  Leonardo's request for remand to a different judge for resentencing is denied as baseless.

The judgment of conviction, insofar as it imposes a sentence of 192 months' imprisonment, is hereby VACATED and the case is REMANDED for further proceedings consistent with this order.

---

1.  Since the Plea Agreement in this case was entered into, Rule 11(e)(1)(C) has been renumbered as Rule 11(c)(1)(C).

