Camil CEKOVIC, Hajrije Cekovic, Ibrahim Cekovic, Petitioners,

v.

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

Nos. 03–40115–ag (L); 03–40117–ag (con), 04–0210–ag (con).

United States Court of Appeals, Second Circuit.

March 13, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Michael P. Lindemann, Assistant Director, Ethan B. Kanter, Senior Litigation Counsel, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners, Camil Cekovic, Hajrije Cekovic, and Ibrahim Cekovic, natives and citizens of the former Federal Republic of Yugoslavia (the "FRY"), seek review of a May 23, 2005 order of the BIA affirming the March 14, 2002 decision of Immigration Judge ("IJ") George T. Chew denying Camil Cekovic's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), which included as derivative applicants his wife and son, Hajrije and Ibrahim. *In re Cekovic*, No. A 74 323 384 (B.I.A. May 23, 2005), *aff'g* Nos. A 74 323 384/385/386 (Immig. Ct. N.Y. City Mar. 14, 2002). Additionally, Petitioners seek review of a December 17, 2003 order of the BIA denying their motion to reopen their removal proceedings. *In re Cekovic, et al.,* No. A 74 323 384/385/386 (B.I.A. Dec. 17, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Denial of Asylum, Withholding of Removal, and CAT Relief

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other*

*grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). This judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). In their appeal to the BIA, the Cekovics failed to challenge the IJ's finding that they did not establish past persecution. Although the Government does not argue that this failure to exhaust should preclude our consideration of this issue, *see id.* at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver"), we decline to consider this unexhausted issue. *See id.* at 107 n. 1(b) ("Even if the government does not point out a failure to exhaust an issue before the agency, such a failure to exhaust is sufficient ground for the reviewing court to refuse to consider that issue."). Similarly, the Cekovics did not seek a grant of "humanitarian asylum" pursuant to 8 C.F.R. § 1208.13(b)(1)(iii)(A) before the agency. Thus, we also decline to consider their argument asserting eligibility for that relief. *See id.*

■ Substantial evidence supports the agency's determination that country conditions in the FRY have significantly changed such that Camil Cekovic ("Cekovic") does not have a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i). Cekovic claims he will be persecuted because he did not respond to draft notices in January 1999. However, as the IJ found, an amnesty law passed in the FRY appeared to apply to Cekovic because the law covers individuals that evaded the military draft between April 1992 and October 2000. Additionally, the IJ found that, since Cekovic departed the FRY, a new president had been elected and NATO had a presence in the region. Cekovic points to no evidence compelling a conclusion contrary to that of the IJ; therefore, we will not disturb the IJ's decision. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7; *cf. Niang v. Mukasey,* 511 F.3d 138, 145 (2d Cir.2007) (finding insufficient the BIA's conclusion that "the current situation in Mauritania has improved dramatically" without citation of any supporting facts or reasoning).

Because Cekovic was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or relief under the CAT where all three claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

## II. Denial of the Motion to Reopen

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The BIA did not abuse its discretion in denying Cekovic's motion to reopen. *Kaur,* 413 F.3d at 233. As the BIA found, Cekovic submitted no evidence that country conditions had changed in the FRY such that he has a well-founded fear of persecution. *See Poradisova v. Gonzales,*

420 F.3d 70, 78 (2d Cir.2005) (finding that in order to prevail on a motion to reopen, the alien must "establish prima facie eligibility for asylum, i.e., a realistic chance that he will be able to establish eligibility" (internal citations omitted)). Cekovic argues that the country conditions evidence he submitted demonstrates that the amnesty law is no longer in effect. However, as the BIA found, evidence that the amnesty law does not apply to current conscientious objectors does not support Cekovic's claim that he would be persecuted for his past evasion of the draft.

Cekovic also argues that the BIA failed to adequately consider the evidence he submitted to support the motion to reopen. To the contrary, the BIA acknowledged the evidence that he submitted, and he has pointed to no material evidence that the BIA overlooked. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (the BIA must consider all evidence presented of changed country conditions, but "it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Additionally, nothing in the supporting evidence indicates any particular danger to Albanian Muslims or draft evaders subject to the amnesty law. The declarations of Mertus and Mirescu merely speculate that the situation is unstable and unsafe for Albanians, but point to no evidence indicating that Albanians have suffered anything amounting to persecution since Cekovic's merits hearing.

Finally, the argument that the BIA abused the Cekovics' due process rights by denying their motion to reopen is a restatement of their argument that the BIA abused its discretion in denying their motion to reopen, an argument we have reviewed and rejected. *See United States v. Garcia,* 166 F.3d 519, 522 (2d Cir.1999) (rejecting defendant's effort to "dress up" a "poorly disguised attack on the merits of

[a] sentence" by "couching [the] appeal in constitutional terms").

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).