SUMMARY ORDER

Xiao Dan Jiang, a native and citizen of the People’s Republic of China (“China”), seeks review of a June 20, 2008 order of the BIA, affirming the July 5, 2006 decision of Immigration Judge (“IJ”) Noel A. Ferris, which pretermitted her application for asylum and denied her applications for withholding of removal and CAT relief. In re Xiao Dan Jiang, No. A098 900 793 (B.I.A. June 20, 2008), aff'g No. A098 900 793 (Immig. Ct. N.Y. City July 5, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, we do not have jurisdiction to review the agency’s preter-mission of Jiang’s asylum application. Pursuant to 8 U.S.C. § 1158(a)(3), no court shall have jurisdiction to review the agency’s finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While we retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to *78 review constitutional claims and “questions of law,” Jiang has challenged only purely factual determinations. The Court therefore lacks jurisdiction to review the agency’s denial of asylum and dismisses the petition for review to that extent. See Xiao Ji Chen, 471 F.3d 315, 329-331 (2d Cir.2006). Jiang’s due process argument lacks merit where it simply restates her factual argument that the BIA erred in finding that she did not establish circumstances excusing the untimely filing of her asylum application. See United States v. Garcia, 166 F.3d 519, 522 (2d Cir.1999) (rejecting defendant’s effort to “dress up” a “poorly disguised attack on the merits of [a] sentence” by “couching [the] appeal in constitutional terms”). Additionally, Jiang has waived any challenge to the agency’s determination that she failed to demonstrate past persecution. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
Jiang argues that the agency erred in concluding that she failed to demonstrate eligibility for withholding of removal and CAT relief based on the birth of her U.S. citizen children. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). Contrary to Jiang’s 'assertion, the BIA properly found that sending her children to China undermined her assertion that she feared harm if the Chinese government discovered that she had children in violation of the family planning policy. Cf. Uwais v. U.S. Att’y Gen., 478 F.3d 513, 518-19 (2d Cir.2007) (finding an asylum applicant’s claim is not necessarily undermined by sending his or her children to the country where the applicant would be removed if the child’s trip did not concern the applicant’s basis for relief). Moreover, the agency reasonably found that Jiang failed to demonstrate that the Chinese government has any interest in her despite being aware that she has two U.S. citizen children. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (finding that, “[i]n the absence of solid support in the record” for petitioner’s assertion that he will be subjected to persecution on account of his two U.S.-born children, “his fear is speculative at best”).
For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).