**Artan DALIPAJ, Roza Dalipaj, Roarda Dalipaj, Petitioners,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 09–0328–ag.

United States Court of Appeals, Second Circuit.

Nov. 9, 2009.

Matthew L. Kolken, Kolken & Kolken, Buffalo, NY, for Petitioners.

Tony West, Assistant Attorney General, Civil Division; John C. Cunningham, Senior Litigation Counsel, Office of Immigration Litigation; Remi Adalemo, Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

578

PRESENT: WALKER, ROBERT D. SACK, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

The Petitioners Artan Dalipaj, Roza Dalipaj, and Roarda Dalipaj, natives and citizens of Albania, seek review of a December 29, 2008 order of the BIA affirming the May 8, 2007 decision of Immigration Judge ("IJ") Michaelangelo Rocco denying the Petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dalipaj*, Nos. A095 101 442, A095 101 443, A095 101 444 (B.I.A. Dec. 29, 2008), *aff'g* Nos. A095 101 442, A095 101 443, A095 101 444 (Immig. Ct. Buffalo May 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's finding that the Petitioners failed to establish that the harm they endured was on account of one of the protected grounds. *See* 8 U.S.C. § 1101(a)(42); *Corovic*, 519 F.3d at 95. As the agency found, Artan Dalipaj testified that the individuals who kidnapped his daughter did not express any motive either during or after the kidnapping and that he had "no idea" whether she had been kidnapped for political reasons. He further acknowledged that he and his wife had been members of the Democratic Party for nearly ten years without serious incident. Although he testified to having received anonymous threats related to his involvement in the Democratic Party, the agency reasonably found that he failed to demonstrate a connection between those threats and the kidnapping. *Cf. Manzur v. United States Dep't of Homeland Sec.*, 494 F.3d 281, 294 (2d Cir.2007) (finding that the agency errs when it does not adequately explain the basis for its conclusion that a petitioner failed to demonstrate a nexus to a protected ground).

The Petitioners assert that the agency failed to accord sufficient weight to their evidence, in particular the written threat they received indicating that Roarda Dalipaj would be kidnapped if Artan Dalipaj did not cease his political activities. However, it is well-settled that the weight afforded to documentary evidence lies largely within the discretion of the agency. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006). Here, the agency reasonably declined to accord probative weight to the unauthenticated written threat because it was, implausibly, signed by the same individual who signed a police report indicating that Roarda Dalipaj was kidnapped "for political pressure." As the agency noted, the Petitioners have at no point explained this discrepancy.

Contrary to the Petitioners' assertion, the agency did not deny their claims for lack of corroboration. Instead, it found that the evidence the Petitioners submitted—both their testimony and documentary evidence—failed to establish their eligibility for relief. *See* 8 C.F.R. § 1208.13(a) ("The burden of proof is on the applicant for asylum to establish that he or she is a refugee as defined in section 101(a)(42) of the Act.").

Because substantial evidence supports the IJ's finding that the Petitioners failed to establish a nexus between the harm they suffered and a protected ground, the IJ properly denied their applications for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 544 (2d Cir. 2005). To the extent the Petitioners challenge the IJ's denial of their request for CAT relief, we are without jurisdiction to consider that argument as they failed to exhaust that claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

Finally, we will not separately address the Petitioners' argument that the BIA violated their due process rights by denying their applications for relief. This claim is simply a restatement of their argument that the BIA committed reversible error by denying their applications for relief because they failed to adequately corroborate their claims. *See United States v. Garcia,* 166 F.3d 519, 522 (2d Cir.1999) (rejecting defendant's effort to "dress up" a "poorly disguised attack on the merits of [a] sentence" by "couching [the] appeal in constitutional terms").

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).